**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MOTOR TANKER *BELLA 1* BEARING INTERNATIONAL MARITIME NUMBER 9230880,<br><br>Defendant,<br><br>BUREVESTMARIN LLC,<br><br>Claimant. | Civil Action No. 1:26-00992 (RBW)(ZMF) |

**[PROPOSED] ORDER TO SHOW CAUSE AND TEMPORARY *STATUS QUO* RELIEF**

Upon consideration of Claimant Burevestmarin LLC's Emergency Motion for Ancillary Process, Order to Show Cause, and Temporary *Status Quo* Relief, the memorandum in support, the declarations and exhibits submitted therewith, the record in this action, and any response or position presented by the United States, the Court finds, for purposes of this temporary order only, that good cause exists to preserve the *status quo* and to require expedited identification, notice, and a show-cause process before the defendant vessel, M/T *BELLA 1*, formerly *MARINERA* / *ERA*, IMO 9230880 (the "Vessel"), is beached, scrapped, dismantled, transferred, reflagged, encumbered, or otherwise disposed of.

The Court further finds, for purposes of this temporary order only, that the Government obtained an interlocutory sale order while this action remained under seal; that Claimant contends it did not receive notice or an opportunity to be heard before entry or execution of that order; that the Government has reported that the Vessel was sold and that sale proceeds are being

held as substitute *res*; that public and record evidence indicates that the Vessel is intended for demolition; and that, if the Vessel is beached, cut, dismantled, or recycled before the Court adjudicates Claimant's challenge to the Sale Order, the original *res* may be irreversibly altered or destroyed.

The Court further finds, for purposes of this temporary order only, that Claimant has shown at least serious questions going to the validity of the Sale Order, the adequacy of notice, the Court's jurisdiction and venue, and the availability of meaningful relief if the original *res* is destroyed before those issues are heard. The Court finds that temporary preservation relief is necessary to prevent irreparable harm, that the balance of equities favors a short *status quo* order pending a prompt show-cause hearing, and that the public interest favors preserving the Court's ability to adjudicate the validity of its own interlocutory order and the disposition of property in a federal forfeiture proceeding.

The Court further finds that Supplemental Rule G(7)(a) authorizes the Court, when the Government does not have actual possession of defendant property, to enter orders necessary to preserve the property and prevent its removal or encumbrance; that Supplemental Rule C(5), as incorporated by Supplemental Rule G(1), authorizes the Court to order persons having possession or control of removed or sold property, or its proceeds, to show cause why the property or proceeds should not be delivered into custody or paid into Court; that the All Writs Act, 28 U.S.C. § 1651, permits the Court to exercise its equitable power to grant relief to preserve the *status quo* while it determines its jurisdiction; and that Federal Rule of Civil Procedure 65 authorizes temporary *status quo* relief on the showing made here and on the notice provided. The Court further finds that appointment of a process server is appropriate under Federal Rule of Civil Procedure 4.1 and Supplemental Rule G(3)(c), and that 28 U.S.C. §

1355(d) authorizes service of necessary forfeiture process in another judicial district, including service on Global Marketing Systems, Inc. ("GMS") through any current authorized agent in Maryland.

The Court further finds that expedition is essential because the record indicates that the Vessel is intended for demolition and may be beached, cut, dismantled, or recycled before ordinary briefing can be completed.

Accordingly, it is hereby ORDERED that:

1. ***Status quo* preserved.** Pending further order of the Court, the United States and GMS, and their officers, agents, affiliates, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, shall not authorize, facilitate, permit, or undertake any beaching, scrapping, cutting, dismantling, recycling, transfer, reflagging, re-registration, encumbrance, relocation, or disposition of the Vessel.

2. **Identification of controllers.** By [DATE/TIME], the United States shall identify all persons and entities known to it to have possession, custody, ownership, management, operational control, agency authority, registry authority, insurance, class, port-agent authority, recycling-yard authority, or control over the Vessel, including GMS, any GMS affiliate or agent, any local buyer, any port agent, any recycling yard, and any person involved in beaching, scrapping, dismantling, transfer, reflagging, encumbrance, or disposition of the Vessel.

3. **Transmission by the United States**. The United States shall immediately transmit this Order, the motion, and supporting papers by email and courier to each person or entity identified under Paragraph 2 and shall file a certification of transmission by [DATE/TIME]. The certification shall identify the date, time, method of transmission, recipient, address or email address used, and documents transmitted.

4. **Ancillary process and show-cause response.** GMS and any person or entity having possession or control of the Vessel shall show cause on [DATE/TIME] why the Vessel should not be preserved, delivered into custody, or paid into Court pending adjudication of the Sale Order's validity.

5. **Appointment and service of process.** Capital Process Servers is specially appointed under Federal Rule of Civil Procedure 4.1 and Supplemental Rule G(3)(c) to serve this Order and any supplemental process. Service may be made on GMS through its Maryland resident agent or other authorized agent pursuant to Rule 4.1 and 28 U.S.C. § 1355(d). For any foreign controller, service or notice may be made by the fastest lawful means approved by the Court, including email, courier, and transmittal to an appropriate foreign authority under Supplemental Rule G(3)(c)(iv).

6. **Proof of service.** Claimant shall promptly file proof of service or transmission of this Order, including the date, time, method of service or transmission, recipient, and documents served or transmitted.

7. **Status certification.** Within [24] hours after service or actual notice of this Order, each served respondent shall file a certification stating whether the Vessel has been beached, cut, dismantled, recycled, transferred, reflagged, re-registered, encumbered, relocated, physically delivered to any buyer or recycling yard, or otherwise disposed of, and identifying the Vessel's current location and status to the best of the respondent's knowledge.

8. **Document preservation.** The United States, GMS, and any served respondent shall preserve all documents, communications, AIS records, voyage records, agency records, contracts, payment records, OFAC/Treasury/DOJ authorizations, port records, beaching records, recycling records, and title or registry records concerning the Vessel, the sale, the proceeds,

current control, destination, beaching, scrapping, dismantling, recycling, transfer, reflagging, re-registration, relocation, encumbrance, or disposition.

9. **Production by the United States.** By [DATE/TIME], the United States shall produce to Claimant or file under seal the sale agreement, bill of sale, OFAC/Treasury/DOJ authorizations, payment records, proceeds-account information, title/registry documents, and communications identifying current possession, control, destination, and intended disposition of the Vessel.

10. **Government authorizations.** Pending further order of the Court, the United States shall suspend any OFAC, Treasury, DOJ, or other U.S. Government license, authorization, approval, non-objection, bill of sale, transfer document, or other instrument to facilitate beaching, scrapping, dismantling, recycling, transfer, reflagging, re-registration, encumbrance, relocation, or disposition of the Vessel. The United States shall take reasonable steps to notify any recipient of any such authorization that the Court has entered this Order.

11. **Notice to respondents.** Any respondent served with this Order is notified that the Court will determine at the show-cause hearing whether the Vessel should be preserved pending adjudication of the Sale Order's validity, and whether any further relief should issue under Supplemental Rules C(5), G(7)(a), Federal Rule of Civil Procedure 65, and the Court's authority over its interlocutory orders.

12. **Right to object; no waiver.** Any respondent may appear specially to contest personal jurisdiction, service, venue, the Court's authority, the scope of this Order, the amount of security, or any requested preservation relief. No respondent shall waive any jurisdictional, service, venue, ownership, title, or merits objection merely by appearing to comply with or oppose this Order.

13. **Responses and objections.** The United States shall file any response to Claimant's motion and this Order by [DATE/TIME]. GMS and any served respondent shall file any show-cause response or objection by [DATE/TIME] or within [24/48] hours after service, whichever is later, unless the Court orders otherwise. Any response shall identify the respondent's relationship to the Vessel, the respondent's asserted ownership or control interest, and any factual basis for opposing preservation. Claimant may reply by [DATE/TIME].

14. **Show-cause hearing.** A show-cause hearing is set for [DATE/TIME] in Courtroom [__].

15. **Security.** Security. Security is set at $100. Any respondent may seek an increase at the show-cause hearing upon competent, verified proof of incremental out-of-pocket costs directly and solely caused by this Order during the period of restraint. Any such request shall exclude the value of the Vessel, the sale price, anticipated scrap or resale profit, ordinary business or operating costs, and any costs the respondent would have incurred regardless of this Order. The Court will set any increased security in an amount it considers proper upon such proof.

16. **No final adjudication; reservation of rights.** This Order preserves the *status quo* only. Nothing in this Order, or in Burevestmarin's request for this Order, adjudicates final title, ownership, forfeiture, the validity of the Sale Order, the validity of the sale, the adequacy of any substitute *res*, personal jurisdiction over any respondent, or any party's ultimate rights, defenses, or objections. Nothing in this Order shall be construed as a concession by Burevestmarin that the Court had or has *in rem* jurisdiction or venue, that the Sale Order was valid, that the sale was valid, that title passed free of Burevestmarin's objections, or that the proceeds are an adequate substitute for the Vessel.

SO ORDERED.

Dated: ____________, 2026

Washington, D.C.

REGGIE B. WALTON

United States Senior District Judge